UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

JS 6

| | |
|---|---|
| Case No. | CV 15-0008 DSF (Ex) |
| Date | 1/5/15 |
| Title | RAC Development, Inc. v. Malcolm B. Smith, et al. |

Present: The Honorable    DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to Superior Court of California, County of Los Angeles

   This matter was removed from state court on January 2, 2015, based on federal question jurisdiction. The complaint is a state law unlawful detainer complaint and does not state a federal cause of action. While the notice of removal states several potential federal defenses to the complaint, federal jurisdiction is based on the plaintiff's complaint and not on any counterclaims or defenses that a defendant might assert. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

   The notice of removal also cites civil rights removal under 28 U.S.C. § 1443. Removal under § 1443(1) requires "[f]irst, [that] the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights [and] [s]econd, that [the defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970)). The removing defendant has made no showing on either point. Defendant claims that California Civil Code § 2924 somehow, on its face, "specifically violates the equal protection of the laws and equal access to the courts," (Notice of Removal at 7-8), but a review of that statute shows that it does not meet the criteria for removal under 28 U.S.C. § 1443. Removal under § 1443(2) is only available to state officers. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 n.22 (1966).

   The case is REMANDED to the Superior Court of California, County of Los Angeles.

   IT IS SO ORDERED.